SOUTHWICK, P.J.,
for the Court:
¶ 1. Michael Belcher was awarded workers’ compensation benefits for a 5% permanent impairment to his right leg. He appeals arguing that different evidence of *313 a higher disability should have been accepted. We find substantial evidence to support the 5% award and affirm.
FACTS
¶2. In January 1998, twenty-five tubes of chicken weighing seventy pounds each fell onto Belcher while he worked as a maintenance worker at a Choctaw Maid Farms facility. He was first examined by his family’s physician, Dr. Edward Bryant. Due to the nature of the injury, Dr. Bryant referred Belcher to Dr. William Geissler at the University Medical Center in Jackson.
¶ 3. Dr. Geissler, an orthopaedic specialist, performed surgery on Belcher’s leg. After surgery, Belcher attended physical therapy sessions until released to return to work in May 1998. He was limited to light duty work, restricting his ability to climb and any limiting activities that could stress the leg. Dr. Geissler found that Belcher had reached his maximum medical improvement on June 18, 1998, assigning a 5% medical disability rating with no permanent work restrictions.
¶ 4. Since Belcher’s return, he has been promoted twice. Although he is now a maintenance supervisor, he must sometimes perform some maintenance tasks himself. He has not missed any work since returning. In December of 1998, Belcher went to Dr. Bryant complaining of pain. Dr. Bryant had not seen Belcher since the initial injury. While at the doctor’s office, Belcher requested that Dr. Bryant assign a disability rating. After examining Belcher, Dr. Bryant assigned a 12% disability rating. Neither doctor placed any restrictions on Belcher’s return to full employment.
¶ 5. Choctaw Maid Farms accepted this injury as being compensable. It has paid all necessary medical bills and the amount of permanent partial disability benefits equal to the 5% disability rating. Belcher filed a petition to controvert the disability rating. The administrative law judge found that Belcher had sustained a 5% permanent industrial disability. Both the Workers’ Compensation Commission and the Leake County Circuit Court agreed.
DISCUSSION
¶6. We review the decision of the Workers’ Compensation Commission, not that of either the administrative judge or of the circuit court. We determine whether the Commission was arbitrary or capricious in its actions or did not have substantial evidence to support the result. Sibley v. Unifirst Bank, 699 So.2d 1214, 1217 (Miss.1997). Belcher’s complaint is that the Commission failed to consider his testimony and the 12% disability rating assigned by Dr. Bryant. As Belcher has a permanent limp and continues to be in pain, he argues that the 5% rating does not properly reflect the extent of his injury.
¶ 7. The Commission affirmed the administrative judge’s acceptance of Dr. Geissler’s 5% disability rating. This doctor was the treating physician from surgery until Belcher was released to return to work at maximum medical recovery. The Commission also relied on the fact that Belcher had successfully returned to work without any adverse side effects from the injury.
¶ 8. The evidence supports the findings of the Workers’ Compensation Commission. There was some evidence offered by Belcher of a greater disability. The Commission determined that the employer’s evidence was more persuasive. There was no error.
¶ 9. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS *314 APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.
PAYNE, J., CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, IRVING and CHANDLER, JJ.